MERRIMAN S. SMITH, Judge.
This claim was heard as case No. 473-S at the January, 1946 term of court, under the shortened procedure provision of the court act, and an award was denied] whereupon a hearing under the regular procedure was granted by the court and the case was so docketed at the April, 1946, term.
The facts as set out in the opinion in case No. 473-S were as follows; The circumstances surrounding (he accident for which damages are sought by claimant are that on the night of November 30, 1944,-a snowplow and a truck owned and operated by the state road commission, going in opposite directions on the highway leading south from Union, Monroe county, West Virginia, stopped alongside each other bloclrng the highway. The snowplow was headed towards Union and the cinder truck headed south in the opposite direction. John Peters, son of claimant, who was driving south from Union, states that when approaching the two parked trucks that the *184 headlights on the snowplow so blinded him that he did not see the truck alongside, headed in the same direction he was traveling, so that he ran into the rear of the parked truck damaging the Chevrolet automobile. It was a windy and snowy night and visibility was low.
In the instant case all the records of the shortened procedure case were offered as a stipulation by both sides in this case, and the only additional evidence was that of Forrest Roles who had in the former case submitted, by letter, his version of the accident and known now as stipulation No. 7. On page 13 of the transcript Mr. Roles testified that Peters was driving at the rate of 20 miles or less per hour; this being the fact makes a fortiori in my opinion that Peters did not use ordinary care in driving the automobile under the physical conditions and was guilty of contributory negligence. In property damage claims where both parties are guilty of negligence there are no degrees of negligence and each party is responsible for his own negligence to his own vehicle, irrespective of the amount of damage.
Therefore, the denial of an award in the former case is hereby reaffirmed and an award is again denied.